### George Bankard v. The State.

No. 9844.   Delivered February 17, 1926.

Rehearing denied March 31, 1926.

**1.—Murder—Bills of Exception—Filed Too Late—Cannot Be Considered.**

Where an order granting sixty days after adjournment for filing bill of exception is made and the bills of exception are not filed until sixty-two days after adjournment, and no valid reason is shown for not filing same, within time, such bills cannot be considered on appeal.

**2.—Same—Statement of Facts—Time for Filing.**

Irrespective of any order of the court under Vernon's C. C. P., Art. 845, the appellant is entitled to ninety days from the adjournment of court in which to file his statement of facts.

**3.—Same—Evidence—Held Sufficient.**

Where, on a trial for murder, the evidence discloses a killing in the perpetration of robbery and also for the motive of revenge, disclosed by the testimony of an accomplice who participated in the crime, whose testimony was amply corroborated, such testimony supports the verdict, and finding no error in the record, the judgment is affirmed.

ON REHEARING.

**3.—Same—Bills of Exception—Filing of—Is Statutory.**

On rehearing, appellant makes a showing of honest belief on the part of his attorneys as to the time allowed in which to file a bill of exceptions. We regret that the statutory requirements for filing such bills cannot be departed from by this court, and the motion for rehearing is overruled.

Appeal from the District Court of Polk County Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction of murder, penalty fixed at imprisonment for life.

The opinion states the case.

*M. E. Gates* of Huntsville, *J. M. Hansbro* of Cold Springs, and *Cade Bethea* of Livingston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction had in District Court of Polk County ·of murder, with punishment fixed at imprisonment for life.

The trial term of the court a quo expired July 4, 1925. In the order overruling appellant's motion for new trial he was granted sixty days from the adjournment of court in which to file his statement of facts and bills of exception. Irrespective of ·any order of the court, he was entitled under the law (Vernon's C. C. P. Art. 845) to ninety days from the adjournment of court in which to file his statement of facts. The bills of exception herein were not filed until September 4, 1925, which was sixty-two days after the adjournment of court. There appears accompanying this record an affidavit made by one of appellant's counsel in which he seeks to account for the failure of appellant to sooner file the statement of facts and bills of exception. There is no showing made in the affidavit of any reason why the bills of exception were not placed in the hands of the trial court at an earlier date. Nor is the reason set up as that accounting for the failure of the trial court to approve the statement of facts before he did, any satisfactory showing in reference to the bills of exception. Appellant's counsel may not wait until near the expiration of the time allowed for filing bills of exception and statement of facts, to put same into the hands of the trial judge, without some satisfactory reason therefor. The statement that said bills of exception were brought back to the office of the district clerk

the evening before they were filed, and that the clerk had gone home, would appear to make no difference. Had the clerk been at his office and filed the bills of exception on September 3rd, this would have been sixty-one days after the adjournment of the trial term of the court below, and would have been too late under the time fixed by the order of the court.

We have examined the statement of facts and are of opinion that there was evidence from which the jury were warranted in returning a verdict of guilty. An accomplice testified fully to appellant's active participation in the homicide. The killing seems to have been partly for robbery, and, if the testimony of the accomplice be believed, also for the motive of revenge. Deceased was clubbed to death with a piece of iron, and one testicle removed from the body. As we view the record, there was ample testimony before the jury to corroborate the accomplice.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant makes a showing of honest belief on the part of his attorneys as to the time allowed in which to file bills of exception, but the statute is plain on the subject and we regret very much that we are not at liberty to depart from the statutory requirement that such bills be filed within the time allowed.

The motion for rehearing will be overruled.

*Overruled.*